SUPREME COURT OF ARIZONA

NAKETA ROSS,                      )   Arizona Supreme Court
                                   )   No. CV-22-0104-AP/EL
           Plaintiff/Appellee, ) 
                                   )   Maricopa County
                v.                   )   Superior Court
                                   )   No. CV2022-004709
SHAWN PEARSON, et al.,          )
                                   )
        Defendants/Appellants. )
                                   )
_____)   **FILED 05/09/2022**

**DECISION ORDER**

Pending before the Court is an expedited election appeal brought by Appellant Shawn Pearson, a Democratic candidate for State Representative in Legislative District 11.

The Court, by a panel consisting of Chief Justice Brutinel, Justice Beene, Justice Montgomery, and Justice King, has considered the briefs of the parties, the trial court's minute entry order, and the relevant statutes and case law in this expedited election matter. Based on the record before the trial court, we cannot say that it clearly erred in finding the County Recorder's Petition Verification Summary Report ("PVS Report") accurate and relying on the report to invalidate 355 signatures in Appellant's nomination petition.

Candidates seeking placement on a partisan primary election ballot must gather a sufficient number of signatures in a nominating petition from "qualified signers." A.R.S. § 16-322(A). A "qualified signer" is a person "who at the time of signing is a registered voter in the electoral district of the office the candidate is seeking" and is registered as a member of the candidate's party, a party not

entitled to continued representation on the ballot, or an independent. A.R.S. § 16-321(B), (E).

Appellee Ross challenged the legal sufficiency of Appellant's nomination petition and signatures. As a candidate, Appellant was required to have 469 valid signatures to be placed on the ballot. After a trial, the superior court found that 355 of Appellant's 796 signatures were proven invalid. It concluded that Appellant had only 441 valid signatures, 28 fewer signatures than she needed to be placed on the ballot. Appellant timely appealed.

"We uphold a trial court's findings of fact unless clearly erroneous as not either 'supported by reasonable evidence or based on a reasonable conflict of evidence.'" *Moreno v. Jones*, 213 Ariz. 94, 98 (2006)(citation omitted). And, "[a]s an appellate court, we are confined to reviewing only those matters contained in the record." *Schaefer v. Murphey*, 131 Ariz. 295, 299 (1982); *see also* ARCAP 11(a)(1) ("The official record, which consists of documents . . . filed in the superior court before and including the effective date of the filing of a notice of appeal").

By statute, "[t]he county recorder or other officer in charge of elections shall perform petition signature verifications for nomination petition challenges for signatures of qualified electors who are residents of that county and shall provide testimony and other evidence on request of any of the parties to the challenge." A.R.S. § 16-351(E). In doing so, the County Recorder "may invalidate

signatures for legitimate reasons other than those specifically alleged in the challenger's complaint." *Lubin v. Thomas*, 213 Ariz. 496, 499 ¶ 19 (2006). If the presumptive validity of a signature has been displaced, "the burden shifts to the proponent of the signatures to prove the signer was a qualified elector and eligible to sign the petition." *McKenna v. Soto*, 250 Ariz. 469, 473 ¶ 18 (2021).

Appellant claims the trial testimony showed the PVS Report could, due to processing times, be inaccurate about the registration status of individuals that, within the year or so before the report was generated, newly registered, re-registered after a cancellation, or updated their registration. But even assuming this were the import of the trial testimony, Appellant failed to present evidence to the trial court establishing that at least 28 signers, whose signatures the report found invalid, fell into this class. The trial court therefore did not clearly err in relying on the report to find 355 of Appellant's signatures invalid.

However, given Appellee's concession in her answering brief, the Court finds that Appellant has two additional signatures, which is still 26 fewer signatures than needed to be placed on the ballot. Accordingly,

**IT IS ORDERED** affirming the superior court's judgment.

**IT IS FURTHER ORDERED** directing the Maricopa County Board of Supervisors, Recorder, and Election Directors to remove Shawn Pearson from the Democratic ballot for State Representative in District 11.

The requested injunction is granted.

**IT IS FURTHER ORDERED** denying Ross' request for attorneys' fees.

DATED this ___9th___ day of May, 2022.

_____/s/_____
ROBERT BRUTINEL
Chief Justice

TO:

Shawn Pearson
James E Barton II
Joseph Branco
Jonathan Simon
Joseph Eugene La Rue
Hon. Randall H Warner
Alicia Moffatt
Alberto Rodriguez
Hon. Jeff Fine